# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JONATHAN EUGENE GRIFFEN	PETITIONER

v.	NO. 5:08CV00215 WRW/HDY

LARRY NORRIS, Director of the	RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

## DISPOSITION

STATE COURT PROCEEDINGS. The record reflects that petitioner Jonathan Eugene Griffen ("Griffen") was convicted in Pulaski County, Arkansas, Circuit Court of aggravated robbery and theft of property.[1] He was sentenced as an habitual offender to concurrent 360 months sentences in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction ("ADC").

Griffen appealed his convictions to the Arkansas Court of Appeals. His appellate attorney filed a no merit brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(j) and asked to be relieved as the attorney of record. In an opinion dated June 30, 2004, the state Court of Appeals granted counsel's request and affirmed Griffen's convictions. <u>See</u> <u>Griffin v. State</u>, 2004 WL 1466040 (Ark.App. 2004). Norris represents, and Griffen does not dispute, that the appellate court mandate was issued thirty days later, or on July 20, 2004.

The undersigned has reviewed the record in this proceeding and finds that Griffen sought no additional review of his convictions in state court. Specifically, he did not file a petition for re-hearing with the state Court of Appeals, a petition for review by the Arkansas Supreme Court, or a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.

---

[1] The record in this proceeding contains two different spellings of petitioner's last name, <u>i.e.</u>, "Griffen" and "Griffin." For purposes of the Findings and Recommendation, the undersigned will use "Griffen."

<u>FEDERAL COURT PROCEEDINGS</u>.  The record reflects that on July 28, 2008, Griffen signed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.  It was filed by the Clerk of the Court for the United States District Court for the Eastern District of Arkansas on August 4, 2008.  In the petition, Griffen advanced one claim, <u>i.e.</u>, his claim that he is "actually and factually" innocent of being an habitual offender.  The petition was noteworthy for two additional reasons.  First, he attempted to explain why he did not raise the claim at bar in state court.  His explanation was as follows: "I did not know how nor was I given [the] opportunity to learn how, and I have been mentally, physically, and emotionally incompetent to litigate any level of law."  <u>See</u> Document 2 at 12.  Second, apparently anticipating that the limitations question would arise, he attempted to explain why limitations should not bar consideration of his petition.  Liberally construing his <u>pro</u> <u>se</u> petition, he maintained that he only got limited access to the prison law library and that the conditions within the prison are intolerable.

Norris subsequently filed a response to Griffen's petition.  In the response, Norris maintained that Griffen's petition is barred by the limitations period codified at 28 U.S.C. 2244(d) and/or, alternatively, that the claim contained in the petition is "procedurally barred from review by the adequate and independent state ground doctrine."  <u>See</u> Document 5 at 2.

The undersigned briefly examined the record and determined that Griffen should be notified of Norris' assertions.  Griffen was so notified and invited to submit a reply in which he addressed Norris' assertions.

Griffen accepted the invitation by submitting a reply. In the reply, he maintained that he had addressed the limitations question in his petition. Notwithstanding that assertion, he reiterated and/or otherwise clarified his position regarding Norris' assertion of limitations; Griffen specifically maintained the following:

> ... from the moment I entered the Varner Unit [i.e., Griffen's place of confinement within the ADC], I was subjected to the unconstitutional conditions found in the case of Smith v. Norris ... Petitioner submits that throughout his history as a prisoner in [the] Varner Unit, he has been sleep deprived and has underwent mental, physical, and emotional trauma to the point of prolonged incompetence and inability to function on a level required to address any legal forum [and] procedural rules in as much as it takes total attention and concentration to combat worries of getting my throat cut in my sleep or in other un-guarded similar areas such as the prison law library, which further violates petitioner's [constitutional right to] access to the courts. ... Therefore, I, the petitioner, Jonathan Eugene Griffen, had to first find a zone in which I could feel reasonably safe in securing my physical life before I could concentrate on my physical liberty.
>
> As for [28 U.S.C. 2244(d)(1)(D)], it took until now for me to have the courage and the forceful reputation that I will fight back and most of all the inspiration from God through similar situated inmates to develop a research and study team to pursue my legal demands. ...

See Document 8 at 2-4.

The undersigned has now had the opportunity to review the parties' submissions. Given that review, the undersigned makes the following findings and recommendation.

LIMITATIONS. A state prisoner has one year during which he must commence a proceeding pursuant to 28 U.S.C. 2254. If he fails to commence the proceeding within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the following events as triggering the one year period:

>    (d)(1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Griffen maintains that the applicable limitations period is governed by 28 U.S.C. 2244(d)(1)(D), i.e., the applicable limitations period commenced on the date the factual predicate of his claim could have been discovered through the exercise of due diligence. In support of that assertion, he maintains that "it took until now for [him] to have the courage and the forceful reputation … [to] … fight back and most of all the inspiration from God through similar situated inmates to develop a research and study team to pursue my legal demands." See Document 8 at 3-4.  The undersigned cannot agree that

the applicable limitations period is governed by (d)(1)(D).  Griffen does not allege that the claim at bar, i.e., his challenge to his sentence as an habitual offender, was until recently somehow hidden from him or was otherwise incapable until recently of being discovered through the exercise of due diligence.  Instead, he alleges that he simply lacked the will and legal tools to develop the claim.  The undersigned can find no support for the proposition that the lack of will and/or legal tools are circumstances envisioned by the provisions of (d)(1)(D).

The undersigned instead finds that the application limitations period is governed by 28 U.S.C. 2244(d)(1)(A), i.e., "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  No other section of (d)(1) is applicable.  Given that finding, the undersigned turns to consider when Griffen's conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review."

The state Court of Appeals affirmed Griffen's convictions in an opinion dated June 30, 2004, and issued its mandate thirty days later, or on July 20, 2004.  Griffen sought no additional review of his convictions in state court, and he was precluded from seeking review by the United States Supreme Court.  See Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008) (certiorari not available from decision of intermediate state court).  His convictions therefore became final on July 21, 2004, i.e., the day after the appellate court mandate was issued, and he had one year from that date to commence a proceeding pursuant to 28 U.S.C. 2254.

Griffen signed the petition at bar on July 28, 2008, and it was filed by the Clerk of the Court on August 4, 2008. Griffen clearly did not commence this proceeding in a timely manner as he signed his petition a full three years after the expiration of the limitations period. His petition should therefore be dismissed unless he can show some justification for tolling the limitations period.

In Finch v. Miller, 491 F.3d 424 (8th Cir. 2007), the Court of Appeals identified the circumstances that will justify tolling the limitations period. They are as follows:

> "To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence, — U.S. —, 127 S.Ct. at 1085 (assuming without deciding that [section] 2244 allows for equitable tolling). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). "Equitable tolling is an exceedingly narrow window of relief." Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005).

See Id. at 427-428.

Liberally construing Griffen's pro se pleadings, he advances at least two justifications for tolling the limitations period. First, he maintains that he did not know how to prepare a petition because he had limited access to the prison law library. The undersigned is not convinced, however, that his assertion, even if true, is an extraordinary circumstance. See Id. (showing of actual injury required); Baker v. Norris, 321 F.3d 769 (8th Cir. 2003) (claim of inadequate access to prison law library as justification for tolling limitations period rejected).

Second, Griffen maintains that he was mentally, physically, and emotionally incapacitated by the intolerable conditions within the prison and thus unable to prepare a timely petition. It is conceivable that a prisoner could be under such a disability that he is incapable of preparing a timely petition. Griffen is not, however, that prisoner. He has offered no medical evidence to substantiate such an assertion, and he has not shown that the conditions he faced within the prison were fundamentally different than those faced by other prisoners.

Given the foregoing, the undersigned can find nothing in Griffen's submissions that warrant tolling the limitations period. He knew, or should have known through the exercise of due diligence, of the claim at bar by the day his convictions became final.

RECOMMENDATION. The undersigned finds that Griffen commenced this proceeding outside the one year limitations period established by 28 U.S.C. 2244(d). For that reason, his petition should be denied and this proceeding dismissed. Judgment should be entered for Norris.

DATED this ___15___ day of October, 2008.

_____
UNITED STATES MAGISTRATE JUDGE